```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD S | : | CIVIL ACTION |
| AND EXCESS INSURANCE | : | NO. 05-2809 |
| COMPANY LTD., *et al.*, | : |     05-2810 |
| | : |     05-2811 |
| Petitioners, | : |     05-2812 |
| | : |     05-2813 |
| v. | : | |
| | : | |
| CENTURY INDEMNITY COMPANY, AS | : | |
| SUCCESSOR TO INSURANCE COMPANY | : | |
| OF NORTH AMERICA, *et al.*, | : | |
| | : | |
| Respondents. | : | |

NEWCOMER, S.J.                                     August 1st, 2005

### MEMORANDUM AND ORDER

Presently before the Court are Petitioners  Petitions to Compel Arbitration (in part) and Stay Arbitration (in part).  For the reasons set forth below, the relief sought in the Petitions is denied.  An appropriate order follows.[1]

### I. BACKGROUND

The Parties have become embroiled in a dispute over reinsurance pay-outs as a result of asbestos litigation.  The relevant reinsurance contracts underlying this dispute were entered into during the 1950's and 1960's.  A series of these layered contracts constitutes a reinsurance program.[2]  There are

---

[1] Respondents have requested an oral argument on this Petition which, in light of this Court s disposition, will be denied. See LOCAL R. CIV. P. 7.1 (f) (noting that   [t]he Court may dispose of a motion without oral argument  ).

[2] Case No. 05-CV-2809 involves Century s General Casualty Treaty (  Treaty 101  ) reinsurance program for years 1951 through 1967; Case No. 05-CV-2810 involves Century s Blanket Excess of Loss Treaty (  Global Slip  ) reinsurance program for years 1968 through 1972; Case No. 05-CV-2811 involves

five such programs at issue, as reflected by the five civil actions before the Court for resolution. Each reinsurance contract contained a unique arbitration clause. The issue for this Court to resolve is whether to compel arbitration as structured by the Petitioners or as structured by the Respondents. Petitioners seek to compel arbitration as it is provided for in each reinsurance contract, while Respondents seeks to group each arbitration by the reinsurance program.

**II. LEGAL STANDARD**

The well-settled summary judgment standard set forth in FED. R. CIV. P. 56(c) governs a motion to compel arbitration. See Bellevue Drug Co. v. Advance PCS, 333 F. Supp.2d 318, 322 (E.D. Pa. 2004) (citations omitted). Movants must prove through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . that there is no genuine issue of material fact and that [they are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In considering a motion to compel arbitration, the Court must consider all of the non-moving party's evidence and construe all reasonable inferences in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

Century's Casualty Quota Share Treaty ("CQS") reinsurance program for years 1951 through 1964; Case No. 05-CV-2812 involves Century's Excess General Liability Excess of Loss reinsurance program for years 1975 through 1986; and Case No. 05-CV-2813 involves ACE P&C's Casualty Excess of Loss ("Treaty 4002") reinsurance program for years 1963 through 1982.

255 (1986); Versarge v. Township of Clinton N.J., 984 F.2d 1359, 1361 (3d Cir. 1993).

**III. DISCUSSION**

    A. *The Dispute Is Arbitrable*.

There is a strong federal policy in favor of resolving disputes through arbitration. See Alexander v. Anthony Int__l L.P., 341 F.3d 256, 263 (3d Cir. 2003). Before the Court can order a reluctant party to arbitrate, however, the district court must conduct a limited review to ensure that the dispute is arbitrable, that is that there is a valid agreement to arbitrate and that the dispute falls within the substantive scope of the agreement. See Bellevue, 333 F. Supp. 2d at 323 (quoting PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir. 1990))(overruled on other grounds by Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002)). In this case, the Parties do not dispute the validity of multi-layered agreements. In fact, the Parties have had a number of prior disputes under the reinsurance programs and, when necessary, the disputes were arbitrated in accordance with the arbitration clauses in the reinsurance contracts.

The present dispute is within the scope of the series of reinsurance agreements. According to Respondents, Lloyds unilaterally announced in 2001 that it was imposing new, onerous documentation requirements that would have to be satisfied before

3

it would pay asbestos losses under any of Respondents reinsurance programs.  One requirement was that Respondents must provide documentation regarding specific asbestos claims paid by other insurers decades ago, as well as submitting sworn certifications to accompany asbestos billings.  Respondents objected to the new requirements, arguing that they were extra-contractual.  As a result, Lloyds has refused to pay Respondent for asbestos losses because of the Respondents  alleged failure to meet these new requirements.  Thereafter, on May 13, 2005, Respondents attempted to arbitrate their dispute with Lloyds, structuring the arbitrations according to the reinsurance programs in order to prevent delay and promote efficiency in the dispute resolution process.  Lloyds challenges this method, arguing that none of the reinsurance contracts provide for consolidation of arbitration proceedings, and that it has not consented to the arrangement as proposed by Respondents.  The Court agrees with Lloyds.

    B. *The Number of Arbitrations Is Tied to the Reinsurance Contracts.*

Petitioners persuasively argue that the number of arbitrations must be tied to the contracts and not to the reinsurance programs.  This Court will not order consolidation of these arbitrations as sought by Respondents because there is no explicit agreement to do so.  See Phila. Reinsurance Corp. v.

Emplrs. Ins. of Wausau, 61 Fed. Appx. 816, 820 (3d Cir. 2003) (finding that [a] district court may order the consolidation of separate arbitrations when the parties have an explicit agreement to do so ). It should be noted that Respondents did not file an action specifically seeking a court-ordered consolidation of multiple arbitrations, but instead initially submitted a single demand for arbitration, that is, one arbitration panel for each reinsurance program. Although Respondents have not sought to consolidate the arbitrations, the Court finds that there is no contractual agreement, express or implied, to structure the arbitrations by the reinsurance programs as opposed to by the reinsurance contracts.

After considering the affidavits of both Parties, there does not appear to be any course of business dealings that would establish a practice of arbitrating by the reinsurance program as opposed to by the reinsurance contract. See Aff. s of Patrick Benedict Robin Coldstream & Judith A. Harnadek (reflecting that while the Parties have arbitrated several times by reinsurance program, the cases involved a single policy holder); Philadelphia Reinsurance Corporation, 61 Fed. Appx. at 819-20 (finding that the district court properly ordered the consolidation of separate arbitrations when the parties had an informal contract, which may be expressed through a course of business). Accordingly, Respondents must arbitrate in separate proceedings under each

contract, and if they desire consolidation, they must direct such a request to the respective arbitration panels.

An appropriate order follows.

<u>S/ Clarence C. Newcomer</u>
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD S AND EXCESS INSURANCE COMPANY LTD., *et al.*, | : : : : | CIVIL ACTION NO. 05-2809 05-2810 05-2811 |
| Petitioners, | : : | 05-2812 05-2813 |
| v. | : : | |
| CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, *et al.*, | : : : : | |
| Respondents. | : | |

## <u>O R D E R</u>

AND NOW, on this 1st day of August, 2005, upon consideration of Petitioners  Petition (Doc. 1), Respondents Response, and Petitioners  Reply, said Petition is GRANTED. All Motions seeking leave to file reply briefs are GRANTED. It is further ORDERED that:

1. Century shall produce all reinsurance agreements within the scope of its arbitration demand;

2. Century is compelled to arbitrate under separate proceedings under each agreement;

3. The arbitration proceeding commenced by Century s May 13, 2005 demand letter is STAYED.

AND IT IS SO ORDERED.

S/ Clarence C. Newcomer
United States District Judge
